STATE BOARD OF TAX APPEALS.

FARMERS RELIANCE INSURANCE COMPANY, PETITIONER, v. CITY OF TRENTON, RESPONDENT.

Decided September 10, 1940.

For the petitioner, *Frank Transue* and *Jay B. Tomlinson*.

For the respondent, *Louis Josephson*.

QUINN, President.    Petitioner, a domestic mutual fire insurance company having its principal office in Trenton, was assessed by that taxing district in the sum of $30,000 on account of 1939 personal property taxes.    An appeal by the company to the Mercer County Board of Taxation resulted in an affirmance of the assessment.

As of the assessing date for the year 1939, October 1st, 1938, mutual fire insurance companies were subject to assessment under *R. S.* 54:4-18 (*N. J. S. A.* 54:4-18), providing for the taxation of the property of domestic corporations in the same manner as that of individuals.    The special assessing formula for fire insurance companies theretofore in effect under *Pamph. L.* 1918, *ch.* 236, § 307 (*R. S.* 54:4-22; *N. J. S. A.* 54:4-22) was amended by *Pamph. L.* 1938, *ch.* 245, and, as amended, is applicable only to stock insurance companies.    *Cf. Cumberland Mutual Fire Insurance Co.* v. *City of Bridgeton* (*State Board*), filed October 9th, 1939.    Petitioner is therefore assessable in the full amount of its personalty, including intangibles, less any deductions for debt

or for exempt property, properly claimed by sworn statement, as required by statute, *R. S.* 54:4-14, 54:4-15 (*N. J. S. A.* 54-4.14, 15).

The personal property tax return filed by petitioner with the city of Trenton for the year in question shows total assets of $231,565.37, and claims for deductions and exemptions aggregating $236,252.14, which, if allowed, would obviate any taxable balance. The statement of assets conflicts, however, with the statement of assets contained within a condensed financial statement of the company annexed to the return, which shows gross assets of $319,758.32, including cash items not shown on the official return, amounting to $85,382.95.

Exemptions are sought by petitioner, as follows:

| | |
|---|---|
| Cash on hand and on deposit | $85,382.95 |
| U. S. Government bonds | 38,645.20 |
| Municipal bonds | 43,000.00 |
| Bank stocks | 5,080.00 |
| Industrial, Railroad and Utility stocks | 35,172.50 |
| Insurance stocks | 105,400.00 |

The statute makes the following condition prerequisite to an allowance for exemptions, *R. S.* 54:4-15 (*N. J. S. A.* 54:4-15):

"No allowance or deduction shall be made for personal property or securities claimed to be exempt from taxation, unless a sworn claim therefor shall be made, setting forth a detailed list of the securities and personal property claimed to be exempt, the dates when they were purchased, and that they were not purchased with intent to escape taxation."

While this proviso is not applicable to petitioner's unqualified right of absolute exemption with respect to the United States bonds, *Public Service Corporation of New Jersey* v. *Newark* (*State Board*), filed August 25th, 1936, and possibly, the bank stocks, *R. S.* 54:9-7 (*N. J. S. A.* 54:9-7), nevertheless compliance therewith is a strict and inescapable condition of the right to the other exemptions claimed.

The return filed in the instant case deviates from the statutory requirement in several respects. There is no

detailed list of the securities claimed to be exempt. Taxable and exempt items are lumped together with no indication on the face of the return as to which are claimed to be exempt. There is no specification of the date of purchase of the securities, nor any statement that they were not purchased with intent to escape taxation.

The list of securities does not show which of the stocks are of domestic, and which of foreign corporations. This is a necessity, since, in the case of foreign corporate stocks, it must appear that taxes have actually been paid by such foreign corporations upon their property within twelve months prior to the assessing date, in order that the local exemption obtain. *R. S.* 54:4-3.2 (*N. J. S. A.* 54:4-3.2), as construed in *Trenton* v. *Standard Fire Insurance Co.* (*Supreme Court,* 1909), 77 *N. J. L.* 757.

The claim for deduction for debts is similarily defective, both in form and substance, but we need not consider it at length, since the invalidation of several of petitioner's claimed exempt items leaves it with a taxable balance in excess of the amount of the assessment by considerably more than the deductions for debts applied for.

The judgment of the Mercer County Board in affirming the assessment, is sustained.